IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Kenneth Lewis | ) | Case No. 08-11602-R |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | | |
| Mother Doe 1A and Father Doe 1A | ) | |
| on behalf of the minor John Doe 1A, | ) | |
| | ) | Adv. Case No. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Kenneth Lewis, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiffs, by and thorough their counsel, for their claims for relief against Kenneth Wray Lewis, Defendant and Debtor herein, allege and state:

## Statement Of Jurisdiction

1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1334 to determine the ultimate issue of the exception to discharge under § 523(a)(6). However, this Court does not have jurisdiction to determine the underlying personal injury tort claims of the Plaintiffs pursuant to 28 U.S.C. § 157(b)(2)(B). "the plain language of 28 U.S.C. § 157(b)(5) flatly prohibits a bankruptcy court from adjudicating and liquidating personal injury claims even when brought within a dischargeability proceeding. *See In the Matter of Grabill Corp.,* 967 F.2d 1152, 1153 (7th Cir.1992) ("Section 157(b)(5) requires that [personal injury and wrongful death] actions be tried in the district court."); *Pettibone Corp. v. Easley,* 935 F.2d 120, 123 (7th Cir.1991) ("Congress required bankruptcy judges

1

to transfer personal injury claims to district judges" when it enacted 28 U.S.C. § 157(b)(5).); Roger S. Braugh, Jr., *Personal Injury and Wrongful Death Claims in Bankruptcy: The Case for Abstention,* 47 Baylor L.Rev. 151, 153 (1995) ("The provisions of § 157 make one thing apparent: bankruptcy judges cannot try personal injury or wrongful death suits."). *In re von Volkmar*, 217 B.R. 561, 565 (Bankr.N.D.Ill.,1998).

2.  Plaintiffs request this Court order the reference of this claim and proceeding be withdrawn to the United States District Court in and for the Northern District of Oklahoma pursuant to 28 U.S.C. § 157(b)(5).

3.  Plaintiffs request the United States District Court in and for the Northern District of Oklahoma pursuant to 28 U.S.C. § 157(b)(5) to refer this case to the United States District Court for the Northern District of Illinois because the underlying personal injury tort claims of the Plaintiffs arose in Cook County, Illinois; a county within the Northern District of Illinois.

4.  Plaintiffs further ask that the United States District Court in and for the Northern District of Oklahoma or the United States District Court for the Northern District of Illinois abstain from determining all issues related to the underlying personal injury tort claims of the Plaintiffs and refer such determinations for a trial by jury to the Circuit Court of Cook County, Illinois County Department- Law Division (the "State Court") wherein on or about March 15, 2007, Plaintiffs filed a civil action against Lewis, Diocese of Tulsa, Bishop Edward Slattery in Case No. 2007-2730 (the "Civil Case"). The Civil Case was pending as of the Petition Date.

**Statement Of Facts**

5. Lewis filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 16, 2008 (the "Petition Date"). The last day to file adversary complaints pursuant to 11 U.S.C. § 523(c) is October 14, 2008. This Complaint is timely filed herein.

6. Plaintiff John Doe 1A is a minor. Mother Doe 1A is John Doe 1A's mother and legal guardian. Father Doe 1A is John Doe 1A's father and legal guardian. At all times material, Plaintiff John Doe 1A was a resident of the State of Oklahoma. At all times material, Mother Doe 1A and Father Doe 1A were residents of the State of Oklahoma. All of the sexual abuse of John Doe 1A described herein occurred in Illinois. The actual names of the parties plaintiff will be made available to the Court and the Defendant upon request after entry of an appropriate protective order to protect the identities of such parties from the public record.

7. At all material times, Father Kenneth Lewis (hereinafter "Lewis") was a priest and member of Diocese of Tulsa (hereinafter "Diocese"). On information and belief, he was ordained a priest of the Diocese in approximately 1991 after he attended St. Mary of the Lake Seminary in Mundelein, Illinois. Lewis was an adult and designated holy figure at the time of the sexual abuse alleged herein.

8. At all times material, Lewis was a Roman Catholic priest, educated, trained and ordained by and under the direct supervision, employ, agency and control of the Diocese. At all times material, the Diocese exercised control over Lewis's secular and non-secular activities involving the public and his duties as a priest.

9. Generally Lewis's employment duties with Diocese included providing pastoral care, counseling, and spiritual guidance and leadership to Catholics. In addition, Lewis was a teacher and provided religious instruction for the spiritual and emotional needs of children, including Plaintiff, entrusted to his care. Because of these duties, Lewis routinely interacted with the youth of the churches in the Diocese.

10. In approximately 2001, when Plaintiff was approximately nine years old, Lewis willfully and maliciously sexually molested Plaintiff. Such conduct was willful and malicious un-permitted, harmful, and offensive sexual contact upon the person of the Plaintiff. Lewis was able to molest Plaintiff by using his position and authority of a being a priest. Prior to such wrongful actions, Lewis had a history of similar pedophilic behavior with and toward other young men going back at least 10 years.

11. As a direct result of the above described sexual abuse, each of the Plaintiffs suffered the injuries and damages. The minor Plaintiff has suffered and continues to suffer severe and permanent emotional distress, terror, embarrassment, loss of self-esteem, disgrace, humiliation, loss of enjoyment of life, loss of religious faith, difficulty in practicing his religion through the Church, severe psychological injury and will be depraved of earning capacity, and has and/or will incur expenses for psychological treatment, therapy and counseling.

**First Claim for Relief**

12. The Defendant's willful and malicious actions as alleged above were the direct and proximate cause of injuries to the Plaintiffs as detailed above.

13. The debt should be excepted from discharge under § 523(a)(6).

### Second Claim for Relief

14. As a direct result of this sexual abuse, each of the Plaintiffs suffered the injuries and damages described herein.

15. This Court should enter an *in personam* judgment for the Plaintiffs against the Defendant, Kenneth Wray Lewis, for amount in excess of $50,000.00, plus costs, disbursements, reasonable attorney's fees, interest and costs of this action.

### Demand for Jury Trial

16. Plaintiffs claims are personal injury tort claims arising under the laws of the state wherein the tortuous conduct occurred which in this case is Illinois. Plaintiffs are entitled to a jury trial as a matter of right upon their claims under the laws of the state of Illinois.

17. A jury trial was demanded in the Complaint filed in the Civil Case and is demanded hereby.

18. Plaintiffs specifically demand a jury trial on their claims against the Debtor herein.

19. Plaintiffs do not intend by filing this complaint to in any manner waive their right to a jury trial on their personal injury tort claims against the Debtor.

**WHEREFORE** the Plaintiffs request entry of an *in personam* judgment for the Plaintiffs against the Defendant, Kenneth Wray Lewis, for an amount in excess of $50,000.00, plus costs, disbursements, reasonable attorney's fees, interest and costs of this action and that such judgment be excepted from any discharge entered herein.

**JURY TRIAL DEMANDED**

        Respectfully submitted,

        **MorrelSaffaCraige, P.C.**

        */s/Mark A. Craige*
        **Mark A. Craige**, OBA #1992
        3501 South Yale Avenue
        Tulsa, Oklahoma 74135-8014
        918.664.0800 Telephone Number
        918.663.1383 Facsimile Number
        e-mail address: mark@law-office.com

H:\MAC\aa\Does\pleadings\2008-09-23 adversary complaint.doc