IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| **Kenneth Lewis** | ) | **Case No. 08-11602-R** |
| | ) | **Chapter 7** |
| | ) | |
| **Debtor.** | ) | |
| | | |
| **Mother Doe 1A and Father Doe 1A** | ) | |
| **on behalf of the minor John Doe 1A,** | ) | |
| | ) | **Adv. Case No. 08-01077-R** |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **Kenneth Lewis,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO WITHDRAW**
**REFERENCE OF ADVERSARY PROCEEDING**

Plaintiffs, by and thorough their counsel, move this Court, pursuant to Rules of the District Court Rule LCvR84.1(b)(2), to withdraw the reference of this adversary proceeding case from the Bankruptcy Court.  In support of this relief, Plaintiffs submit the following:

**INTRODUCTION**

1. Plaintiffs request this Court to enter a Report and Recommendation to the United States District Court in and for the Northern District of Oklahoma (the "District Court") recommending that the District Court recall the reference to this Honorable Court and Bankruptcy Judge, of that part of the bankruptcy case consisting of the above styled adversary proceeding on the ground that

1

  A. The determination of the issues and claims requires a trial by jury on all issue facts presented in this case. In light of the fact that this Bankruptcy Court does not have the statutory authority to conduct such jury trials absent the consent of all parties and that the Plaintiffs here by state that they do not at this time consent to the Bankruptcy Court conducting the jury trial.

  B. The Bankruptcy Court does not have jurisdiction to determine the underlying personal injury tort claims of the Plaintiffs pursuant to 28 U.S.C. § 157(b)(2)(B).

  2. Plaintiffs request this Court recommend the District Court order the reference of this claim and proceeding be withdrawn to the District Court pursuant to 28 U.S.C. § 157(b)(5).

  3. The Rules of the District Court Rule LCvR84.1(b)(2) require this Motion be filed at the same time as their first pleading filed in response to claims asserted. In this case, the Plaintiffs are the parties asserting claims, rather than responding to claims. The Complaint filed herein which initiated this action contains a request for withdrawal of the reference on the same basis as set forth in this Motion. In addition, no responsive pleading has been filed by the Defendant in this case. Plaintiffs submit they have timely requested the relief requested herein.

  4. The complaint in the above entitled adversary proceeding was filed on October 8, 2008 [Doc. #1] (the "Complaint") and was served upon the Defendant on October 9, 2008. Plaintiffs have agreed the Defendant may have additional time to respond to the Complaint and therefore, the Defendant has not filed an answer in this case. Plaintiffs have not filed a Proof of Claim in the bankruptcy case. Plaintiffs are entitled to a jury trial as to the issues of liability, causation and damages and therefore have filed this motion to withdraw the reference since the Bankruptcy Court does not have the jurisdiction to conduct a jury trial absent consent by the parties. Plaintiffs do not consent to a jury trial before the Bankruptcy Court.

5.      The claims of the Plaintiffs are personal injury tort under Illinois laws which have unliquidated damages; issues which the Plaintiffs are entitled to have a jury determine under common law.

## I.

## WITHDRAWAL OF REFERENCE

### A.

### THIS COURT LACKS JURISDICTION TO DETERMINE THE PLAINTIFFS' PERSONAL INJURY TORT CLAIMS

6.      The Plaintiffs claims are unliquidated personal injury tort claims arising from the Defendant's willful and malicious sexual molestation of the minor Plaintiff as alleged in detail in the Complaint. This Court does not have jurisdiction to determine or liquidate the underlying personal injury tort claims of the Plaintiffs pursuant to 28 U.S.C. § 157(b)(2)(B). Plaintiffs request this Court order the reference of this claim and proceeding be withdrawn to the United States District Court in and for the Northern District of Oklahoma pursuant to 28 U.S.C. § 157(b)(5). Plaintiffs submit withdrawal of the reference in this matter is mandatory. See *In re Baker*, 86 B.R. 234 (D.Colo., 1988).

### B.

### RIGHT TO A TRIAL BY JURY

7.      The claims of the Plaintiffs against the Defendant are personal injury tort under Illinois laws which have unliquidated damages wherein the Plaintiffs seek an award of monetary damages. Plaintiffs are entitled to a trial by jury had this case been prosecuted in an Illinois State Court. Plaintiffs have not filed a proof of claim in this bankruptcy proceeding, nor have they otherwise waived their right to a jury. Therefore, Plaintiffs are entitled to a jury trial on these issues.

*Granfinanceria, S.A. v. Nordberg,* 492 U.S. 33 (1989).  It is an abuse of discretion for a District Court to refuse to withdraw referral to Bankruptcy Court where non-debtor against whom claims were asserted had a right under Seventh Amendment to jury trial, and claims were non-core matters in which Bankruptcy Courts had no authorization to conduct jury trials.  *In Re: Cinematronics, Inc.,* 916 F2d 1444 (9th Cir. 1990).

## II.

### TRANSFER AND ABSTENTION

8. Plaintiffs request the United States District Court in and for the Northern District of Oklahoma pursuant to 28 U.S.C. § 157(b)(5) to refer this case to the United States District Court for the Northern District of Illinois because the underlying personal injury tort claims of the Plaintiffs arose in Cook County, Illinois; a county within the Northern District of Illinois.

9. Plaintiffs further ask that the United States District Court in and for the Northern District of Oklahoma or the United States District Court for the Northern District of Illinois abstain from determining all issues related to the underlying personal injury tort claims of the Plaintiffs and refer such determinations for a trial by jury to the Circuit Court of Cook County, Illinois County Department- Law Division (the "State Court") wherein on or about March 15, 2007, Plaintiffs filed a civil action against Lewis, Diocese of Tulsa, Bishop Edward Slattery in Case No. 2007-2730 (the "Civil Case").  The Civil Case was pending as of the Petition Date.

10. For all of the reasons stated herein, Plaintiffs pray the reference be withdrawn and that thereafter, this case then be transferred to United States District Court for the Northern District of Illinois; and that the United States District Court in and for the Northern District of Oklahoma or the United States District Court for the Northern District of Illinois abstain from determining all

issues related to the underlying personal injury tort claims of the Plaintiffs and refer such determinations for a trial by jury to the Circuit Court of Cook County, Illinois County Department-Law Division.

Dated this 12th day of November, 2008.

Respectfully submitted,

**MorrelSaffaCraige, P.C.**

__/s/Mark A. Craige_____
Mark A. Craige, OBA No. 1992
3501 South Yale Avenue
Tulsa, Oklahoma 74135-8014
918.664.0800 Telephone Number
918.663.1383 Facsimile Number
email address: mark@law-office.com

**Certificate Of Service Service**

The undersigned states that on the 12th day of November, 2008, a true and correct copy of the above and foregoing instrument was emailed and mailed by regular 1st class U. S. mail, proper postage prepaid and affixed thereon to:

Paul R. Tom
Attorney at Law
2727 East 21st Street, Suite 304
Tulsa, Oklahoma 74114
email address: paultom@tax-amnesty.com

__/s/Mark A. Craige_____
Mark A. Craige

H:\MAC\aa\Doe\pleading\2008-11-11 mot to wd ref based on jury trial.doc