NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed / Docketed
December 22, 2008

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LEWIS, KENNETH, | ) | Case No. 08-11602-R |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| MOTHER DOE 1A and FATHER DOE 1A, on behalf of the minor John Doe 1A, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adv. No. 08-1077-R |
| | ) | |
| KENNETH LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DETERMINING BANKRUPTCY COURT JURISDICTION PURSUANT TO DISTRICT COURT LOCAL CIVIL RULE 84.1(b)(4) AND 28 U.S.C. § 157(b)(3) IN CONNECTION WITH THE PLAINTIFFS' MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING**

Before the Court is the Plaintiffs' Motion to Withdraw Reference of Adversary Proceeding (Adv. Doc. 14) (the "Motion"), filed by Plaintiffs Mother Doe 1A and Father Doe 1A, on behalf of the minor John Doe 1A (the "Does"), on November 12, 2008. The Defendant has not responded to the Motion.

This adversary proceeding was commenced on October 8, 2008, by virtue of a complaint filed by the Does (Adv. Doc. 1) requesting (1) a determination that their claim against the Debtor/Defendant Kenneth Lewis ("Debtor") is excepted from discharge in the

Debtor's bankruptcy case pursuant to 11 U.S.C. § 523(a)(6) (the "First Claim for Relief") and (2) liquidation of their claim and a money judgment against the Debtor for damages in excess of $50,000 plus fees and costs (the "Second Claim for Relief"). The Does allege that their minor child suffered injuries on account of sexual abuse allegedly perpetrated by the Debtor, who was, during the relevant time period, a Roman Catholic priest. The Debtor filed Defendant's Answer to Plaintiff's Complaint (Adv. Doc. 16) on November 25, 2008, generally denying the Does' claims and asserting certain affirmative defenses.

In their Motion, the Does request that the district court withdraw the reference of this adversary proceeding and refer the case to the United States District Court for the Northern District of Illinois, where the claim allegedly arose, and further, that both district courts abstain from hearing the proceeding in favor of a previously commenced state court proceeding in Cook County, Illinois.

Local Civil Rule 84.1(b)(4) provides that within a reasonable period after a motion for withdrawal of the reference of an adversary proceeding and responses thereto have been filed, the bankruptcy court "shall enter an order pursuant to 28 U.S.C. § 157(b)(3), determining whether the proceeding is a core proceeding or a proceeding that is otherwise related to a case under Title 11 and forward the order to the district court together with a copy of the record of the proceeding for which withdrawal is sought." LCvR84.1(b)(4).

Section 157(b)(2) of title 28 of the United States Code lists examples of "core" proceedings. The Does' First Claim for Relief, the request to determine that their claim is non-dischargeable, is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The

liquidation of a claim against the debtor or the estate in most cases also constitutes a "core" matter under 28 U.S.C. § 157(b)(2)(B). However, in their Second Claim for Relief, the Does allege an "unliquidated personal injury tort,"[1] the liquidation of which is specifically excepted from the list of "core" proceedings. See 28 U.S.C. § 157(b)(2)(B). Thus, the Does' Second Claim for Relief is a "non-core" matter. Although the Second Claim for Relief is "related to" the Debtor's bankruptcy case and is arguably within the bankruptcy court's "related-to" jurisdiction (see 28 U.S.C.§ 1334(b) and 157(a)), Section 157(b)(5) provides that "[t]he district court shall order that personal injury tort . . . claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5).

Accordingly, in compliance with Local Rule 84.1(b)(4), the Court determines that the First Claim for Relief is a "core" proceeding and the Second Claim for Relief is a "non-core" "related to" proceeding that is subject to 28 U.S.C. § 157(b)(5).

---

[1] Although Congress has not defined "personal injury tort" as that term is used in Section 157(b)(2)(B), in other cases involving claims against a priest or a diocese arising from alleged child sexual abuse, courts and litigants have assumed or stipulated that child sexual abuse constitutes a personal injury tort against the child. See, e.g., In re Roman Catholic Bishop of San Diego, 374 B.R. 756 (Bankr. S.D. Cal. 2007) (court's analysis of Section 157(b)(4) assumed that the sexual abuse claims were "non core proceedings under section 157(b)(2)(B)," *i.e.*, personal injury tort claims, that could not be liquidated by the bankruptcy court); In re Roman Catholic Archbishop of Portland, 339 B.R. 215, 219-24 (Bankr. D. Ore. 2006) (bankruptcy court assumed without discussion that unresolved child sexual abuse claims were personal injury tort claims under Section 157(b)(2)(B), and as such, could not be estimated by the bankruptcy court for the purpose of determining feasibility of a plan).

The Clerk of the Bankruptcy Court shall transmit to the Clerk of the United States District Court for the Northern District of Oklahoma a copy of this order, together with a docket sheet and copies of the all pleadings referred to in this order, and file a certificate of such transmission in this proceeding.

**SO ORDERED** this 22nd day of December, 2008.

*/s/ Dana L. Rasure*
DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE